1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   AMANDA LOCKHART (State Bar No. 289900)
2  THOMAS E. FRANKOVICH,
   *A PROFESSIONAL LAW CORPORATION*
3  702 Mangrove Ave., #304
   Chico, CA 95926
4  Telephone (415) 389-8600
   Email: tfrankovich@disabilitieslaw.com
5         alockhart@disabilitieslaw.com

6

7
   Attorney for Plaintiff
8  Mary Ellen Escareno,

9

10

11              **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13

14  Mary Ellen Escareno,                    )   **CASE NO.**
                                            )   **Civil Rights**
                                            )
15        Plaintiff,                        )   **COMPLAINT FOR INJUNCTIVE RELIEF**
                                            )   **AND DAMAGES:**
16  v.                                      )
                                            )   **1st CAUSE OF ACTION:** For Denial of Access
17  HILTON SONOMA WINE COUNTRY;             )   by a Public Accommodation in Violation of the
    PHF II SONOMA LLC, a Delaware Limited   )   Americans with Disabilities Act of 1990 (42
18  Liability Company; ATRIUM               )   U.S.C. §12101, *et seq.*)
    HOSPITALITY LP, a Delaware Limited      )
19  Partnership,                            )   **2nd CAUSE OF ACTION:** For Denial of Full
                                            )   and Equal Access in Violation of California
20                                          )   Civil Code §§54, 54.1 and 54.3
          Defendants.                       )
21  _____        )   **3rd CAUSE OF ACTION:** For Denial of
                                                Accessible Sanitary Facilities in Violation of
22                                              California Health & Safety Code §19955, *et seq.*

23                                              **4th CAUSE OF ACTION:** For Denial of
                                                Access to Full and Equal Accommodations,
24                                              Advantages, Facilities, Privileges and/or
                                                Services in Violation of California Civil Code
25                                              §51, *et seq.* (The Unruh Civil Rights Act)

26                                              **DEMAND FOR JURY**

27

28

Plaintiff  MARY ELLEN ESCARENO, complains of defendants  HILTON SONOMA WINE COUNTRY;  PHF II SONOMA LLC, a Delaware Limited Liability Company; ATRIUM HOSPITALITY LP, a Delaware Limited Partnership, and alleges as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff  MARY ELLEN ESCARENO and the disability community are members, including but not limited to 4A4U, for failure to remove architectural barriers structural in nature at defendants' Hilton Sonoma Wine Country, a place of public accommodation, thereby discriminatorily denying plaintiff and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.      Plaintiff  brings this action acting as a "private attorney general" privatizing enforcement of the American with Disabilities Act of 1990 ("ADA") without the American tax payer(s) bearing the financial tax burden for such action.

3.      Plaintiff is a person with physical disabilities who, on or about July 3, 2016 (and deterred thereafter), was an invitee, guest, patron, customer at defendants' Hilton Sonoma Wine Country, in the City of Santa Rosa, California.  At said time(s) and place, defendants failed to provide proper legal access to the Inn, which is a "public accommodation" and/or a "public facility" including, but not limited to signage, parking, accessible routes, ramps, restrooms and guest rooms.  The denial of access was in violation of both federal and California legal requirements, and plaintiff(s) suffered violation of her civil rights to full and equal access, and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

4.      **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

1   Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

2   nucleus of operative facts and arising out of the same transactions, are also brought under parallel

3   California law, whose goals are closely tied with the ADA, including but not limited to violations

4   of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

5   *seq.*, including §19959; and California Building Code.

6       5.      **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

7   founded on the facts that the real property which is the subject of this action is located at/near

8   3555 Round Barn Blvd., in the City of Santa Rosa, County of Sonoma, State of California, and

9   that plaintiff's causes of action arose in this county.

10  **PARTIES:**

11      6.      Plaintiff  MARY ELLEN ESCARENO is a "physically handicapped person," a

12  "physically disabled person," and a "person with physical disabilities" (hereinafter the terms

13  "physically disabled," "physically handicapped" and "person with physical disabilities" are used

14  interchangeably, as these words have similar or identical common usage and legal meaning, but

15  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

16  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other

17  statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff

18  MARY ELLEN ESCARENO suffers from an arthritic condition which effects both knees.

19  Plaintiff  MARY ELLEN ESCARENO uses a walker to ambulate at home and uses a manual

20  wheelchair to travel about in public with the assistance of a third party "pusher".  Consequently,

21  plaintiff  MARY ELLEN ESCARENO is a member of that portion of the public whose rights are

22  protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public

23  Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil

24  Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the

25  Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

26      7.      **DEFINITIONS:**

27          a.      **ADAAG** - The Americans with Disabilities Act Accessibility Guidelines

28                  of 1990; and 2010 ADA Standards

b.      **2010 ADA STANDARDS** - The revised regulations for Title II and III of the Americans with Disabilities Act of 1990 in the Federal Register as of September 15, 2010;

c.      **ARCHITECTURAL BARRIERS** - Architectural barriers are physical features that limit or prevent people with disabilities from obtaining the goods or services that are offered.  They can include but are not limited to the following examples:  parking spaces that are too narrow to accommodate people who use wheelchairs; a step or steps at the entrance or to part of the selling space of a store; round doorknobs or door hardware that is difficult to grasp; aisles that are too narrow for a person using a wheelchair; electric scooter, or a walker; a high counter or narrow checkout aisles at a cash register, and fixed tables in eating areas that are too low to accommodate a person using a wheelchair or that have fixed seats that prevent a person using a wheelchair from pulling under the table. Excerpted from the *"ADA Guide for Small Businesses"* with an interlineation modification. http://www.ada.gov/smbustxt.htm. (The descriptive use of the word "barriers" as used herein is synonymous with architectural barriers).

d.      **ELEMENTS -** An architectural or mechanical component of a building, facility, space, or site (e.g., telephone, curb ramp, door, flush valve, drinking fountain, seating, or water closet, toilet seat, dispensers) and/or placement or lack thereof.

e.      **CATEGORICAL ARCHITECTURAL BARRIERS -** Are elements and facilities which are, or can be architectural barriers standing alone or in combination with one another where the element(s)/facility(s) is/are noncomplying or where the combination thereof creates a category. For example:  such as a parking lot, entrance, restroom, lobby, guest room, dining area.

f.     **PHYSICAL FEATURES** - Are synonymous with "Elements."

g.     **FACILITY -** All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

h.     **ENTRANCE -** Any access point to a building or portion of a building or facility used for the purpose of entering.  An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s), and the hardware of the entry door(s) or gate(s).

i.     **CLEAR FLOOR SPACE -** The minimum unobstructed floor or ground space required to accommodate a single, stationary wheelchair and occupant.

j.     **ACCESSIBLE ROUTE -** A continuous unobstructed path connecting all accessible elements and spaces of a building or facility.  Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures.  Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

k.     **PATH OF TRAVEL -** A continuous path connecting all elements and spaces of a building or facility.

l.     **NON COMPLYING -** Not complying with ADAAG and/or the "Readily Achievable Standard" of 28 CFR §36.304.

**PRELIMINARY FACTUAL ALLEGATIONS:**

8.     Plaintiff  MARY ELLEN ESCARENO is a "person with physical disabilities," as defined by all applicable California and United States laws.  Plaintiff  MARY ELLEN ESCARENO suffers from an arthritic condition which effects both knees.  Plaintiff  MARY ELLEN ESCARENO uses a walker to ambulate at home and uses a manual wheelchair to travel about in public with the assistance of a third party "pusher".

9.     The Hilton Sonoma Wine Country, herein after referred to as the "Hilton", is a hotel, located at/near 3555 Round Barn Blvd., Santa Rosa, California.  The  "Hilton", its signage, parking, accessible routes, ramps, restrooms and guest rooms, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the "Hilton"and each of its facilities, its  signage, parking, accessible routes, ramps, restrooms and guest rooms to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the California Building Code.

10.     Defendant PHF II SONOMA LLC, is the owner of the real property (land and building) located at or near 3555 Round Barn Blvd., Santa Rosa, California.

11.     Defendants HILTON SONOMA WINE COUNTRY;  PHF II SONOMA LLC, a Delaware Limited Liability Company; ATRIUM HOSPITALITY LP, a Delaware Limited Partnership (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as HILTON SONOMA WINE COUNTRY, located at/near 3555 Round Barn Blvd., Santa Rosa,  California, or of the building and/or buildings which constitute said public accommodation.

12.     At all times relevant to this complaint, defendants HILTON SONOMA WINE COUNTRY;  PHF II SONOMA LLC, a Delaware Limited Liability Company; ATRIUM HOSPITALITY LP, a Delaware Limited Partnership , own and operate in joint venture the subject "Hilton" as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

13.     At all times relevant to this complaint, defendants HILTON SONOMA WINE COUNTRY;  PHF II SONOMA LLC, a Delaware Limited Liability Company; ATRIUM HOSPITALITY LP, a Delaware Limited Partnership are jointly and severally responsible to

identify and remove architectural barriers at the subject "Hilton" pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

### § 36.201        General

(b)   *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.
28 CFR §36.201(b)

14.    At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

15.    At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the HILTON SONOMA WINE COUNTRY; as being handicapped accessible and handicapped usable.

16.    At some of the times stated herein, plaintiff MARY ELLEN ESCARENO was in Santa Rosa, for the purposes of: visiting with her immediate family.

17.    At said times and place plaintiff MARY ELLEN ESCARENO was provided with the use of a room in the Burgundy Cabernet Building purchased by her daughter Linda Castillo.

18.    At said times and place Linda Castillo attempted to purchase a guest room designed for and designated for the disabled.  None were available when Linda Castillo secured a room.

19.    On or about July 3, 2016, plaintiff MARY ELLEN ESCARENO was an invitee and guest at the subject Hilton, with her daughter Linda Castillo and the Castillo family, for purposes of a family reunion.

20.    On or about July 3, 2016, plaintiff MARY ELLEN ESCARENO encountered the following architectural barriers in the parking lot of the Hilton  and as a legal result had the

following adverse experiences: The parking stalls outside the Burgundy Cabernet Building had a built up ramp in the access aisle and as a legal result it was difficult to ascend the ramp and the side slopes put plaintiff MARY ELLEN ESCARENO at risk of tipping over.  This was of concern to plaintiff MARY ELLEN ESCARENO.

21.     On or about July 3, 2016, plaintiff  MARY ELLEN ESCARENO encountered the following architectural barriers on the ramps connecting the Burgundy Cabernet building with the sidewalk adjacent to the parking lot and as a legal result had the following adverse experiences: There were/are two ramps that meet together forming a "V".  The ramp coming from the building entrance is constructed with wood and abuts a concrete ramp which connects to the sidewalk. The wood ramp had an approximately one inch "lip" where the two ramps connect. No level landing was between the ramps.  As a legal result when plaintiff  MARY ELLEN ESCARENO in her wheelchair was being pushed by her son Jose Velasco the wheels hit the lip. The wheelchair stopped abruptly and MARY ELLEN ESCARENO was thrown out of  her wheelchair landing and breaking her right fibula.

22.     On or about and before July 3, 2016, plaintiff MARY ELLEN ESCARENO is informed and believes that there were not the requisite number of guest rooms by classification for the disabled.

23.     On or about  July 3, 2016, plaintiff MARY ELLEN ESCARENO is informed and believes that  the men's and women's restrooms in serving the lobby of the Hilton were not accessible nor were the computers in the lobby.

24.     At said time(s) and place, plaintiff  MARY ELLEN ESCARENO had need to use a restroom.  It did not matter whether it was designated as a men's or women's restroom as long as it was accessible.

25.     Therefore, at said time(s) and place, plaintiff MARY ELLEN ESCARENO, encountered the following architectural barriers as stated herein or lack thereof and/or "elements" and "facilities" which constituted architectural barriers and/or categorical architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities including, but not limited to:

A.     lack of directional signage to show accessible routes of travel, i.e. entrances;

B.     lack of the requisite type and number of disabled parking stall(s);

C.     lack of disabled van accessible parking stall(s); with ramps in the access aisles with forward slopes in excess of 8.33% and side slopes ranging from 23% to 31%;

D.     lack of a handicapped-accessible women's public restroom in the lobby;

E.     lack of a handicapped-accessible men's public restroom in the lobby;

F.     lack of handicapped accessible guest room with two beds and bathroom within;

G.     lack of the requisite number of accessible guest rooms by classification;

H.     lack of reduced door pressure throughout;

I.     lack of curb cuts throughout the Hilton grounds;

J.     lack of compliant ramps and level landing serving the Burgundy Cabernet building;

K.     lack of compliant hand railings;

L.     lack of signage, policies, procedures and guidelines to ensure the person(s) with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons;

M.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were inaccessible to plaintiff(s) and for use by other persons with physical disabilities similarly situated;

N.     Plaintiff is informed and believes defendants lack a policy, practice and procedure of having available guest rooms for persons with disabilities. (Plaintiff seeks the implementation of a policy, practice and procedure that handicapped accessible guest room(s) will not be sold unless specifically requested or until all other rooms are sold to the general public to ensure the availability of guest rooms to persons with disabilities. That the person making a reservation for a handicap accessible guestroom be provided with a confirmation that so states).

Therefore, as a legal result of encountering each of said elements, plaintiff experienced one, all, or a combination of the following difficulties: stress, strain, difficulty, and discomfort to his/her upper extremities in attempting to and/or using said elements also causing anxiety, disappointment, and embarrassment.

///

26.     At all time(s) as stated herein, plaintiff encountered architectural barrier(s) as stated herein and/or had personal knowledge of said barrier(s) and knew it would be a futile gesture to attempt to overcome it/them because of her disability.

27.     At all times stated herein, it was "readily achievable" for defendants to remove some and/or all of the architectural barriers complained of over a reasonable period of time from the date that defendants initially took possession to meet the affirmative duty to identify and remove architectural barriers where it is readily achievable to do so.  In that regard, defendants could have but did not avail themselves of the tax deduction and tax credits provided by  Internal Revenue Services ("IRS") codes 44 and 190, which apply to the costs of barrier removal.

28.     At all time(s) and place, each architectural element as stated herein that did not strictly comply with or substantially comply with the ADAAG minimum requirements constituted an architectural barrier which precluded plaintiff from full and equal opportunities afforded to non disabled persons to the goods and services of the Hilton.

29.     At said time(s) and place, when plaintiff encountered the architectural barriers as stated herein, and/or in seeing a barrier(s) and/or attempting to overcome the barriers to gain access experienced any one or combination of physical difficulty, discomfort, embarrassment, stress, strain, fatigue, anger, annoyance and disappointment. This constitutes a denial of full and equal access to the subject public accommodation and a denial of the opportunity to independently enjoy and participate in the opportunities, goods and services offered to non disabled persons and patrons, invitees and guests.

30.     Said architectural barrier(s) as stated herein deprived and deterred plaintiff the same full and equal access that a non wheelchair user/non disabled person would enjoy while engaging in the goods, service and opportunities offered at the subject Hilton.

31.     At all times stated herein, the existence of architectural barriers at  defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

///

///

32.     As a legal result of defendants' and each of their failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

33.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff MARY ELLEN ESCARENO suffered violations of plaintiff's civil rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*. And, plaintiff MARY ELLEN ESCARENO suffered from anyone of the following conditions and/or combination thereof: fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.

34.     Further, plaintiff suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

35.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff harm as stated herein.

36.     Plaintiff MARY ELLEN ESCARENO was denied her rights to equal access to a public facility by defendants HILTON SONOMA WINE COUNTRY;  PHF II SONOMA LLC; ATRIUM HOSPITALITY LP, because defendants HILTON SONOMA WINE COUNTRY;  PHF II SONOMA LLC; ATRIUM HOSPITALITY LP, maintained a hotel without access for persons

with physical disabilities to its facilities, including but not limited to the signage, parking, accessible routes, ramps, restrooms, guest rooms, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

37.     Construction alterations, if any, carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

38.     Defendants may have intentionally undertaken to modify and alter existing building(s), and may have failed to make them comply with accessibility requirements under the requirements of ADAAG and California Building Code.

39.     Because of defendants' violations, plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §51, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as pled herein.  Plaintiff seeks an order from this court compelling defendants to make the Hilton accessible to persons with disabilities.

40.     Plaintiff, as described herein below, seeks injunctive relief to require the Hilton to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the hotel as a public facility.

41.     Plaintiff  believes that even with service of the summons and complaint on defendant(s) and each of them, that defendant(s) will not , under their "continuing obligation" immediately undertake remedial action to identify and remove architectural barriers.

42.     Plaintiff seeks damages for violation of  her civil rights on July 3, 2016 and **deterrence occasion(s)** and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a), for each day after his/her visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff from returning to the subject public

accommodation because of his/her knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other Hotels, Motels, Inns and other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

43.   Plaintiff is informed and believes and therefore alleges that defendants HILTON SONOMA WINE COUNTRY;  PHF II SONOMA LLC; ATRIUM HOSPITALITY LP, and each of them, caused the subject building(s) which constitute the Hilton to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the Hilton and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said hotel and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the Hilton and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff and other members of the disability community.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

44.   Defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the Hilton and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, coming into contact with public accommodations with accessible elements and facilities since January 26, 1991, communications with invitees and guests, plaintiff MARY ELLEN ESCARENO herself, possibly sponsors of conferences, owners

1  of other restaurants, hotels, motels and businesses, notices they obtained from governmental

2  agencies upon modification, improvement, or substantial repair of the subject premises and other

3  properties owned by these defendants, newspaper articles and trade publications regarding the

4  Americans with Disabilities Act of 1990 and other access laws, public service announcements by

5  former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.

6  Defendants' failure, under state and federal law, to make the Hilton accessible is further evidence

7  of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons

8  with disabilities.  Despite being informed of such effect on plaintiff and other persons with

9  physical disabilities due to the lack of accessible facilities, defendants, and each of them,

10  knowingly and willfully refused to take any steps to rectify the situation and to provide full and

11  equal access for plaintiff and other persons with physical disabilities to the Hilton.  Said

12  defendants, and each of them, have continued such practices, in conscious disregard for the rights

13  of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint,

14  and continuing thereon.  Defendants had further actual knowledge of the architectural barriers

15  referred to herein by virtue of the demand letter addressed to the defendants and served

16  concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was

17  and is having on plaintiff and other persons with physical disabilities, constitutes despicable

18  conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated

19  persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

20      45.    Plaintiff  MARY ELLEN ESCARENO and the disability community, including

21  4A4U, consisting of persons with disabilities, would, could and will return to the subject public

22  accommodation when it is made accessible to persons with disabilities.

23  **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
        ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
24      DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
        (On behalf of Plaintiff  MARY ELLEN ESCARENO, and Against Defendants HILTON
25      SONOMA WINE COUNTRY;  PHF II SONOMA LLC, a Delaware Limited Liability
        Company; ATRIUM HOSPITALITY LP, a Delaware Limited Partnership, inclusive)
26      (42 U.S.C. §12101, *et seq*.)

27      46.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

28  the allegations contained in paragraphs 1 through 45 of this complaint.

47.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

48.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

49.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> Check appropriate description:
>
> (A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor;
>
> 42 U.S.C. §12181(7)(A)

50.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

51.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)   a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

52.     The removal of the barriers complained of by plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the Hilton pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

53.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

54.     On information and belief, construction work on, and modifications of, the subject building(s) of the Hilton occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

55.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

56.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions."  Pursuant to this

1     section, plaintiff  MARY ELLEN ESCARENO has not returned to defendants' premises since on

2     or about July 3, 2016, but on information and belief, alleges that defendants have continued to

3     violate the law and deny the rights of plaintiff and of other persons with physical disabilities to

4     access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of

5     §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

6     facilities readily accessible to and usable by individuals with disabilities to the extent required by

7     this title."

8           57.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

9     Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

10    the Americans with Disabilities Act of 1990, including but not limited to an order granting

11    injunctive relief and attorneys' fees.  Plaintiff will seek attorneys' fees conditioned upon being

12    deemed to be the prevailing party.

13    **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
                  IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
14                (On Behalf of Plaintiff MARY ELLEN ESCARENO, and Against Defendants HILTON
                  SONOMA WINE COUNTRY;  PHF II SONOMA LLC, a Delaware Limited Liability
15                Company; ATRIUM HOSPITALITY LP, a Delaware Limited Partnership, inclusive)
                  (California Civil Code §§54, 54.1, 54.3, *et seq.*)
16

17           58.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

18    allegations contained in paragraphs 1 through 57 of this complaint.

19           59.     At all times relevant to this action, California Civil Code §54 has provided that

20    persons with physical disabilities are not to be discriminated against because of physical handicap

21    or disability.  This section provides that:

22              (a) Individuals with disabilities . . . have the same rights as
           the general public to full and free use of the streets, highways,
23            sidewalks, walkways, public buildings, medical facilities, including
           hospitals, clinics, and physicians' offices, and other public places.

24           60.     California Civil Code §54.1 provides that persons with disabilities shall not be

25    denied full and equal access to places of public accommodation or facilities:

26              (a)(1) Individuals with disabilities shall be entitled to full
           and equal access, as other members of the general public, to
27            accommodations, advantages, facilities, medical facilities, including
           hospitals, clinics, and physicians' offices, and privileges of all
28            common carriers, airplanes, motor vehicles, railroad trains,

1   motorbuses, streetcars, boats, or any other public conveyances or
modes of transportation (whether private, public, franchised,
2   licensed, contracted, or otherwise provided), telephone facilities,
adoption agencies, private schools, hotels, lodging places, places of
3   public accommodation, amusement or resort, and other places to
which the general public is invited, subject only to the conditions
4   and limitations established by law, or state or federal regulation, and
applicable alike to all persons.
5   Civil Code §54.1(a)(1)

6   61.    California Civil Code §54.1 further provides that a violation of the Americans with

7   Disabilities Act of 1990 constitutes a violation of section 54.1:

8   (d) A violation of the right of an individual under the
Americans with Disabilities Act of 1990 (Public Law 101-336) also
9   constitutes a violation of this section, and nothing in this section
shall be construed to limit the access of any person in violation of
10   that act.

11   Civil Code §54.1(d)

12   62.    Plaintiff  MARY ELLEN ESCARENO is a person within the meaning of Civil

13   Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of

14   them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which

15   defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation

16   of Civil Code §§54 and 54.1.  Plaintiff has been and continues to be denied full and equal access

17   to defendants' Hilton.  As a legal result, plaintiff is entitled to seek damages pursuant to a court or

18   jury determination, in accordance with California Civil Code §54.3(a) for each day on which she

19   visited or have been deterred from visiting the Hilton because of her knowledge and belief that the

20   Hilton is inaccessible to persons with disabilities.

21   California Civil Code §54.3(a) provides:

22   Any person or persons, firm or corporation, who denies or interferes
with admittance to or enjoyment of the public facilities as specified
23   in Sections 54 and 54.1 or otherwise interferes with the rights of an
individual with a disability under Sections 54, 54.1 and 54.2 is
24   liable for each offense for the actual damages and any amount as
may be determined by a jury, or the court sitting without a jury, up
25   to a maximum of three times the amount of actual damages but in
no case less than . . .one thousand dollars ($1,000) and . . .
26   attorney's fees as may be determined by the court in addition
thereto, suffered by any person denied any of the rights provided in
27   Sections 54, 54.1 and 54.2.

28   Civil Code §54.3(a)

63.     On or about July 3, 2016 , and **deterrence occasion(s)** plaintiff  MARY ELLEN ESCARENO suffered violations of Civil Code §§54 and 54.1 in that plaintiff was denied access to signage, parking, accessible routes, ramps, restrooms, guest rooms and other public facilities as stated herein at the HILTON and on the basis that plaintiff  MARY ELLEN ESCARENO was a person with physical disabilities.

64.     As a result of the denial of equal access to defendants' facilities due to the acts  and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff  MARY ELLEN ESCARENO suffered violations of plaintiff's civil rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*. And, plaintiff  MARY ELLEN ESCARENO suffered from anyone of the following conditions and/or combination thereof: fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.

65.     Further, plaintiff suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expected and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his/her damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

66.     Plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about July 3, 2016 *and* **deterrence occasion(s**), and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

///

67.     As a result of defendants', and each of their, acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

**III.     THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff MARY ELLEN ESCARENO, and Against Defendants HILTON SONOMA WINE COUNTRY;  PHF II SONOMA LLC, a Delaware Limited Liability Company; ATRIUM HOSPITALITY LP, a Delaware Limited Partnership, inclusive) (Health & Safety Code §19955, *et seq.*)

68.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 67 of this complaint.

69.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

70.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions

of the HILTON and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the HILTON and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said public accommodation  and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

71.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the Hilton and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

72.     Hotels such as the Hilton are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

73.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil rights and plaintiff's rights as a person with physical disabilities to full and equal access to public facilities.

74.     Attorneys' Fees - As a result of defendants' acts and omissions in this regard, plaintiff  has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to

take such action both in plaintiff's own interests and in order to enforce an important right affecting the public interest.  Plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

75.     Plaintiff seeks injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

**IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff  MARY ELLEN ESCARENO, and Against Defendants HILTON SONOMA WINE COUNTRY;  PHF II SONOMA LLC, a Delaware Limited Liability Company; ATRIUM HOSPITALITY LP, a Delaware Limited Partnership, inclusive) (Civil Code §51, 51.5)

76.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 75 of this complaint.

77.     Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

78. The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

///

///

79.    Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Plaintiff accordingly incorporates the entirety of her above cause of action for violation of the Americans with Disabilities Act at ¶46, *et seq*., as if repled herein.

80.    As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff  MARY ELLEN ESCARENO suffered violations of plaintiff's civil rights, including, but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*. And, plaintiff  MARY ELLEN ESCARENO suffered bodily injury at time(s) stated herein, including, but not limited to anyone of the following conditions and/or combination thereof: fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing Hilton.  And, plaintiff MARY ELLEN ESCARENO suffered from anyone of the following conditions and/or combination thereof: fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.

81.    Further, plaintiff suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to her damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be

presented at trial in support of the claim for damages.

82.    Plaintiff is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiff prays that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff  MARY ELLEN ESCARENO, and Against Defendants HILTON SONOMA WINE COUNTRY;  PHF II SONOMA LLC, a Delaware Limited Liability Company; ATRIUM HOSPITALITY LP, a Delaware Limited Partnership, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.    For injunctive relief, compelling defendants HILTON SONOMA WINE COUNTRY;  PHF II SONOMA LLC, a Delaware Limited Liability Company; ATRIUM HOSPITALITY LP, a Delaware Limited Partnership, inclusive, to make the Hilton Sonoma Wine Country, located at 3555 Round Barn Blvd., Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered;

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff  MARY ELLEN ESCARENO, and Against Defendants HILTON SONOMA WINE COUNTRY;  PHF II SONOMA LLC, a Delaware Limited Liability Company; ATRIUM HOSPITALITY LP, a Delaware Limited Partnership, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.        For injunctive relief, compelling defendants HILTON SONOMA WINE COUNTRY;  PHF II SONOMA LLC, a Delaware Limited Liability Company; ATRIUM HOSPITALITY LP, a Delaware Limited Partnership, inclusive, to make the Hilton Sonoma Wine Country, located at 3555 Round Barn Blvd., Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per state law.

2.        Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

3.        Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.        Treble damages pursuant to Civil Code §54.3;

5.        General damages according to proof;

6.        For all costs of suit;

7.        Prejudgment interest pursuant to Civil Code §3291; and

8.        Such other and further relief as the court may deem just and proper.

**III.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff  MARY ELLEN ESCARENO, and Against Defendants HILTON SONOMA WINE COUNTRY;  PHF II SONOMA LLC, a Delaware Limited Liability Company; ATRIUM HOSPITALITY LP, a Delaware Limited Partnership, inclusive)
(Health & Safety code §19955, *et seq.*)

1.        For injunctive relief, compelling defendants HILTON SONOMA WINE COUNTRY;  PHF II SONOMA LLC, a Delaware Limited Liability Company; ATRIUM HOSPITALITY LP, a Delaware Limited Partnership, inclusive, to make the Hilton Sonoma Wine Country, located at 3555 Round Barn Blvd., Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per state law;

2.        For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

3.        For all costs of suit;

4.      For prejudgment interest pursuant to Civil Code §3291;

5.      Such other and further relief as the court may deem just and proper.

**IV.      PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff  MARY ELLEN ESCARENO, and Against Defendants HILTON SONOMA WINE COUNTRY;  PHF II SONOMA LLC, a Delaware Limited Liability Company; ATRIUM HOSPITALITY LP, a Delaware Limited Partnership, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.      For injunctive relief, compelling defendants HILTON SONOMA WINE COUNTRY;  PHF II SONOMA LLC, a Delaware Limited Liability Company; ATRIUM HOSPITALITY LP, a Delaware Limited Partnership, inclusive, to make the Hilton Sonoma Wine Country, located at 3555 Round Barn Blvd., Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per state law;

2.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

3.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

4.      General damages according to proof;

5.      Treble damages pursuant to Civil Code §52(a);

6.      For all costs of suit;

7.      Prejudgment interest pursuant to Civil Code §3291; and

8.      Such other and further relief as the court may deem just and proper.

Dated: January 16, 2017                 THOMAS E. FRANKOVICH,
                                       *A PROFESSIONAL LAW CORPORATION*


                                       By:      /s/ Thomas E. Frankovich
                                                Thomas E. Frankovich
                                       Attorney for Plaintiff  Mary Ellen Escareno

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

3

4

5  Dated: January 16, 2017                    THOMAS E. FRANKOVICH,
                                             ***A PROFESSIONAL LAW CORPORATION***
6

7                                            By:    /s/ Thomas E. Frankovich
                                                    Thomas E. Frankovich
8                                            Attorney for Plaintiff MARY ELLEN ESCARENO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28